## NORM CO. v. JOHN A. BROWN CO.

No. 1930.

District Court, W. D. Oklahoma.
Jan. 18, 1939.

708

Smith & Buckles, of Oklahoma City, Okl., for plaintiff.

Everest, McKenzie & Gibbens, of Oklahoma City, Okl., for defendant.

VAUGHT, District Judge.

The complainant, a foreign corporation, brings this action against John A. Brown Company, Oklahoma City, the operator of a department store. The complainant is engaged in the preparation and sale of advertising features and on the 19th day of April, 1933, entered into a contract with the respondent which was as follows:

"Reserve for us the right to use your Interrupting Advertising series in advertising the department store business in newspapers of and other media of Oklahoma City, State of Oklahoma only, during the term of this contract and any renewal thereof and furnish us one hundred four mats for each year that the contract shall continue, with copy written as you think best, shipping us eight or ten mats monthly F.O.B. New York, by mail. Size of mats to be about two and three columns wide. Begin shipping as soon as possible.

"For the right to use the above mentioned series as stated above, we agree to pay you at New York at the rate of Three Hundred Twelve 00/100 Dollars ($312.00) yearly, payments for the first year to be as follows:

"Seventy Eight 00/100 Dollars ($78.00) Thirty days from date of 1st shipt. and Twenty Three 40/100 Dollars ($23.40) on the first of each month thereafter until the yearly contract price (above stated) has been fully paid. We agree also to reimburse you monthly for postage used in shipment.

"Fifteen days after failure to meet any of the payments due, the whole amount remaining unpaid shall become due and payable forthwith.

"The term of this contract shall be for a period of one year from date of first shipment and this contract shall be deemed renewed for a further period of one year, including this provision for renewal, unless at least sixty days prior to its expiration Norm Company shall receive from us by registered mail notice of our intention to terminate the contract at the end of the contract year. The terms and conditions of any renewal shall be the same as above, except that the yearly price shall be paid in twelve equal monthly instalments, beginning the first of the month following date of first shipment of the renewal.

"It is understood that Norm Co. agrees not to furnish the above named series to anyone else in the place or places designated above during the term of this contract or any renewal of it, so long as there shall be no default by us and we agree that the use of this series or any part thereof shall terminate with this agreement.

"We understand that we shall arrange for publication in newspapers and other media and pay the cost of same, and that Norm Co. assumes no responsibility for cost or rate of publication.

"Neither party will be held responsible for any provisions or representations not embodied in writing herein and this con-

tract is not subject to cancellation. This agreement is subject to the acceptance of Norm Co. at New York.

"Name Rorabaugh-Brown D.G.Co. Inc. "Dated Per J. W. Cory Sales Mgr. "Apr. 19, 1933 Address Oklahoma City, Okla."

During the term of this contract, the complainant furnished the mats referred to in said contract and the respondent paid the consideration therein specified. More than sixty days prior to the expiration of said contract, the respondent notified complainant that it desired to terminate its contract at the end of the year and the contract was terminated.

The complainant alleges "that the respondent with the full knowledge of the rights of the complainant herein and thereto, and with full knowledge of the copyright thereof, threatened to continue to publish and cause to be published advertisements in the said 'The Oklahoma News' and other newspapers, which advertisements are taken and copied from a portion of the complainant's pamphlet entitled 'Publicity Aid for Furniture and General Stores, "Interrupting Advertising" Series, Vol. 2.'"

The complainant further alleges that the respondent did use a mat contained in the pamphlet furnished to the respondent during the term of the contract, one use being on the 15th day of August, 1934, and one on the 25th day of February, 1936, both published in The Oklahoma News; that, because of said acts of the said respondent, the copyright of the complainant was infringed; and that the complainant, therefore, is entitled to injunction and to damages as provided by the statute.

The respondent has answered, admitting execution of the contract, the use of respondent's mats during the life thereof, but denying any intention on the part of the respondent to use any of the material belonging to said complainant in violation of the terms of said contract; that it had any knowledge that any of the material furnished to the respondent by the complainant was copyrighted; that if any of the said material belonging to said complainant was used by the respondent it was used inadvertently without its knowledge or consent and was a mistake which the respondent regrets. The respondent denies any intention or purpose of using any of said advertising material belonging to the complainant at any time in the future.

The respondent has filed an amendment to its answer alleging that whatever action arose from the publication of August 15, 1934, is barred by the statute of limitations, 12 Okl.St.Ann. § 95, since this action was not begun until more than two years after that date or until December 7, 1936.

■ It will be unnecessary, therefore, to give further consideration to the cause of action based on the August, 1934, publication, since it clearly was barred at the time suit was filed.

It is admitted by the respondent that on February 25, 1936, one of the mats was inadvertently used and the evidence shows that it was used without the knowledge or consent of the corporation or any of its officers. John Cory, head of the sales promotion and advertising of the respondent corporation, testified that he had no knowledge that any of the material furnished by the complainant was copyrighted nor did he have any knowledge that any of this material furnished by the complainant had been published on August 15, 1934, or on February 25, 1936, until respondent received a letter from the complainant on August 3, 1936.

The evidence discloses that the advertising mat referred to in the complaint was not copyrighted until January 24, 1934, or nearly a year after the contract was entered into by the complainant and the respondent. The evidence further discloses that as soon as respondent received complainant's letter of August 3, 1936, it immediately collected and returned all of the material that belonged to the complainant.

■ There is no evidence to indicate that the respondent ever had any intention or desire to use any of said material for advertising purposes after the termination of its contract with the complainant and, therefore, there is no basis for injunctive relief.

The evidence is also conclusive that this mat was used inadvertently, without the knowledge of the advertising manager or officers of the respondent corporation; that it was a mistake due to the fact that one of the subordinate employees, in arranging the advertising matter for the newspaper, by accident used the mat in question, "The Policeman with a String of Cats."

The contract made no provision whatever that the mats, after being used, should be returned to the complainant and there is nothing in the contract to indicate that said mats had any further value after being used by the respondent. Otherwise, some provision in the contract would have been made to return the mats at the end of the period covered by the contract.

It is furthermore apparent from the record that the complainant itself had no knowledge of either of these publications until shortly prior to August 3, 1936, and that there were no actual damages shown or proven.

The copyright statute, 17 U.S.C.A. § 1 et seq., was enacted for the protection of property rights and not for the purpose of providing a means by which a penalty could be collected in the nature of damages when in fact there were no damages.

The law is well settled that if the respondent had knowingly used this advertising matter, under the belief and impression that such use did not constitute an infringement, that such belief would not constitute a defense to an infringement action. But if its use were an accident, and it was actually used without the knowledge or consent of any officer of the corporation, would that within itself constitute an infringement?

In Taylor v. Gilman, C.C., 24 F. 632, the court held: "The penalty of forfeiture given to a party aggrieved by the infringement of his copyright cannot be recovered from a principal whose agents have, without his knowledge, been guilty of such infringement."

It is clear that even if there be a technical infringement, the damages provided by the statute would be in the nature of a penalty but, as stated in the body of the opinion in the case just cited: "When the penalty, or a part of it, is inflicted for punishment only, the guilt of the party to be punished should be established."

An examination of this record discloses that the incident of using the mat complained of was an incident of little importance; that a full and complete explanation was made to the complainant at the time the publication was called to its attention, sufficient to satisfy any reasonable person; that the incident was wholly accidental, but the complainant demanded that the respondent take a new contract for a year for $310 or pay the complainant $500, or suit would be filed for infringement.

I am reluctant to lend the power of this court to force the collection of damages purely as a penalty, when it is clear that the basis of the action is an accident without intent on the part of the respondent.

The court, therefore, is of the opinion that, there having been no intent or purpose by the respondent, or by anyone in authority acting for said respondent, to use the copyrighted material of the complainant, the act was not the act of the respondent but of an unauthorized agent and that, therefore, there was no infringement by the respondent.

Judgment will be entered for the respondent. Findings of fact, conclusions of law, and a form of judgment consistent with this opinion may be submitted. An exception is allowed the complainant.